**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Paul N. Tauger (SBN 160552)
*PaulTauger@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, California  92660
Tel:   (949) 833-8483
Fax:   (949) 833-2281

Counsel for Plaintiff
ALPHA FLOORS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA FLOORS, INC., | CASE NO. |
| Plaintiff, | |
| v. | **Complaint for:** |
| DYNO EXCHANGE, a business entity of unknown status; STEVE NAM, an individual; SONG TAO, an individual; and DOES 1 through 25, inclusive, | 1. **Unfair Competition – Trademark Infringement 15 U.S.C. §1125(a)** |
| Defendants. | 2. **Unfair Competition – False Designation of Origin 15 U.S.C. § 1125(a)** |
| | 3. **Trade Libel** |
| | 4. **Tortious Interference with Contract** |
| | 5. **Tortious Interference with Prospective Economic Advantage** |
| | 6. **Unfair Business Practices – Cal.Bus.&Prof. Code § 17200 *et seq.*** |
| | 7. **Constructive Trust** |
| | 8. **Accounting** |

**Introduction**

1.     This is an action for federal unfair competition pursuant to Section 43a of the Lanham Act, California State unfair competition pursuant to California Business & Professions Code § 17200 *et seq.*, trade libel, and for a constructive trust and an accounting.

**Parties**

2.     Plaintiff ALPHA FLOORS, INC. (hereafter, "ALPHA") is a California corporation with its principal place of business at Santa Fe Springs, California.

3.     Defendant DYNO EXCHANGE (hereafter, "DYNO") is a business of unknown entity status with its principal place of business at Santa Fe Springs, California.

4.     Defendant STEVE NAM (hereafter, "NAM") is an individual who, on information and belief, resides within the District and, on information and belief, is a principal of Defendant DYNO.

5.     Defendant SONG TAO (hereafter, "TAO") is an individual who, on information and belief, resides within the District and who, on information and belief, is a principal of Defendant DYNO.

6.     Defendants Does 1 through 25, whose identities and addresses are unknown to Plaintiff, are individuals and/or corporate entities that are engaged in the unlawful activities complained of herein.  The Complaint will be amended, if appropriate, to include the name or names of these individuals and/or corporate entities when such information becomes available.

7.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

COMPLAINT

1

**Jurisdiction and Venue**

2      8.    This Court has jurisdiction of this action under 28 U.S.C. §§1331

3  (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4      9.    Venue is proper in this district under 28 U.S.C. §§1391 as each and all

5  of the Defendants reside and conduct business in this district.

6

**Facts Common to All Counts**

7

**Plaintiff ALPHA**

8      10.   ALPHA imports high-end flooring products that are exclusively

9  manufactured for it in China.  It sells and distributes these flooring products under its

10  DYNO IMPACT brand and trademark.  ALPHA was originally formed as a Limited

11  Liability Company in 2012 and re-organized as a corporation in 2014 under the same

12  ownership.

13     11.   Since it first began using the brand to identify its goods in 2012,

14  consumers, which include retailers and end users, have come to associate the DYNO

15  IMPACT trademark with ALPHA and the high-quality flooring products that it

16  imports, sells and distributes.

17     12.   The DYNO IMPACT product line encompasses over 8 collections under

18  which there are over 40 different styles of flooring which ALPHA calls "collections."

19  Each collection has one or more different designs.

20     13.   The collections and design designations include the following:

21          - Essence Collection

22             - Hampton Beige

23             - Baltic Cloud

24             - Smoky Metalic

25             - Newport Sand

26             - Oakland Oak

27             - Midnight Black

28             - Monaco Beech

1          - Newport Sand
2          - Smoky Metalic
3          - White Oak
4      - Signature Collection
5          - British Mud
6          - Castle Oak
7          - Antique Grey
8          - Gunstock Walnut
9      - Impact Collection
10         - Amazonia Hickory
11         - Scandian Grey
12         - Tropical Cherry
13         - Columbian Walnut
14         - Ash Honey
15         - Macamian Walnut
16         - Tazmanian Walnut
17     - Pine Creek Collection
18         - Brazilian Cherry
19         - Atlanta Oak
20         - Carolina Cherry
21         - Bamboo
22         - Country Walnut
23         - Maple
24         - Onyx Marble
25         - Red Oak
26         - Roman Grey
27     - Silky Collection
28         - Walnut Burgundy

COMPLAINT

- Brazillian Cherry
- D. Santos Mahogany
- Mahogany Classic
- Mocha Hickory
- Natural Cherry
- Pinnacle Grey
- Santos Mahogany
- New Age Collection
- Baltimore Cherry
- Kensington Maple
- Montana Wine
- Antiquity Collection
- Alexandria Walnut
- White Washed Oak
- Florencia Collection
- Elegant Chamois
- Classic Chestnut
- Portobello Collection
- Pine
- Khaki
- Ebony
- Grey Stone
- Wheat
- Shiny Star Collection
- Chreokee Stone
- Deer Skin
- Echo Grey
- Sedona Walnut

5

COMPLAINT

14.     ALPHA's laminate flooring products consist of a decor paper applied to a HDF base; each design constitutes a unique decor paper. The designs of the decor papers are created by artists and transferred to the decor paper so that each design within each collection is uniform. The decor paper designs belong to, and are used exclusively by, ALPHA resulting in a flooring product that is distinctive, unique and available only through ALPHA.

**Defendants DYNO EXCHANGE, STEVE NAM and SONG TAO**

15.     From approximately 2012 to 2014, Defendants NAM and TAO were employees of ALPHA. Both were terminated in approximately 2014. Neither owned any interest in either the LLC or the corporation.

16.     Commencing in approximately 2015, NAM and TAO formed DYNO EXCHANGE. ALPHA entered into an agreement with DYNO EXCHANGE for it to distribute ALPHA's DYNO IMPACT products on behalf of DYNO EXCHANGE. Per the agreement, DYNO IMPACT began to offer, market and distribute ALPHA's DYNO IMPACT lines.

17.     ALPHA subsequently learned that, in addition to selling and distributing ALPHA's DYNO IMPACT products, Defendants NAM, TAO, and DYNO EXCHANGE began procuring and selling cheap, lower-quality knock-offs of the DYNO IMPACT line. The knock-offs consisted of verbatim copies of ALPHA's veneer designs and were labeled and identified by Defendants NAM, TAO and DYNO EXCHANGE as "DYNO IMPACT." The knock-offs also duplicated, verbatim, ALPHA's collection and design designations.

18.     Defendants DYNO EXCHANGE, NAM and TAO sold their cheap knock-offs to existing ALPHA customers and, on information and belief, also offered the knock-off product to third parties who were not ALPHA customers.

19.     In response to Defendants DYNO EXCHANGE, NAM and TAO's unlawful actions, ALPHA sent a cease-and-desist letter demanding that said Defendants stop selling the infringing knock-offs. ALPHA also began contacting its

customers, advising them DYNO IMPACT products would be provided directly by ALPHA.

20.    In or about May, 2016, Defendants DYNO EXCHANGE, NAM and TAO began distributing to ALPHA customers a letter on letterhead from Law Offices of Michael Y. Lo and signed by "Jonathan J. Lo Attorney at Law."

21.    That letter, addressed to NAM, contained numerous false statements, including, but not limited, to the following:

-    That NAM was doing business under the name DYNO IMPACT until 2014.

-    That NAM had given ALPHA permission to use the DYNO IMPACT brand.

-    That ALPHA was in "blatant disregard" of its contractual obligations to NAM by telling its customers to order DYNO IMPACT products from ALPHA.

-    That the Law Offices of Michael Y. Lo were drafting a lawsuit against ALPHA.

22.    NAM attached the letter to emails that he sent to ALPHA customers.  In the email, NAM stated, falsely, that DYNO IMPACT had started legal action against ALPHA.

## Count I

### Unfair Competition – Trademark Infringement

### 15 U.S.C. § 1125(a)

### (Against DYNO EXCHANGE, TAO, NAM and DOE Defendants)

23.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22, inclusive, as if fully set forth herein.

24.    Plaintiff, by virtue of its senior, extensive and continuous use in commerce of the DYNO IMPACT mark has acquired a protectable trademark interest in said mark throughout all geographic areas in the United States.

///

25. Defendants were never authorized, licensed or otherwise permitted to use the DYNO IMPACT trademark, except in connection with the sales and distribution of ALPHA's genuine DYNO IMPACT product.

26. Defendants have infringed on Plaintiff's trademark rights in the DYNO IMPACT mark by importing, offering for sale, selling and distributing similar but inferior products identified with Plaintiff's DYNO IMPACT mark.

27. Plaintiff has been harmed by Defendants' conduct as described herein, both as a matter of law and fact. Plaintiff is therefore entitled to compensatory damages in an amount to be determined at trial.

28. Defendants' conduct in this regard was willful, intentional and designed to harm Plaintiff and constitutes an exceptional case. Plaintiff is additionally entitled to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1114(a).

29. The illegal conduct by Defendants complained of herein is ongoing and unlikely to cease unless enjoined. Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all products identified by Defendants with infringing marks. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct because, inter alia, (a) Plaintiff's trademarks are unique and valuable property that have no readily determinable market value; (b) Defendant's infringement constitutes harm to Hero's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public and relevant market are likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the products identified by the infringing mark; and (d) Defendant's wrongful conduct, and the resulting damages to Plaintiff, is, on information and belief, on-going.

///

///

///

## Count II

### Unfair Competition – False Designation of Origin

### 15 U.S.C. § 1125(a)

### Against DYNO EXCHANGE, TAO, NAM and DOE Defendants)

30.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 and 24 through 29, inclusive, as if fully set forth herein.

31.     By affixing the name DYNO IMPACT to Defendants' knock-off products, Defendants have falsely identified the products so-identified as originating with Plaintiff.

32.     In so doing, Defendants are violation of 15 U.S.C. 1125(a).

33.     Plaintiff has been harmed by Defendants' conduct as described herein, both as a matter of law and fact.  Plaintiff is therefore entitled to compensatory damages in an amount to be determined at trial.

34.     Defendants' conduct in this regard was willful, intentional and designed to harm Plaintiff and constitutes an exceptional case.  Plaintiff is additionally entitled to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1114(a).

35.     The illegal conduct by Defendants complained of herein is ongoing and unlikely to cease unless enjoined.  Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all products identified by Defendants with infringing marks.  Plaintiff has no adequate remedy at law for Defendants' wrongful conduct because, inter alia, (a) Plaintiff's trademarks are unique and valuable property that have no readily determinable market value; (b) Defendant's infringement constitutes harm to Hero's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public and relevant market are likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the products identified by the infringing mark; and

(d) Defendant's wrongful conduct, and the resulting damages to Plaintiff, is, on information and belief, on-going.

### Count III

Trade Libel

Against DYNO EXCHANGE, TAO, NAM and DOE Defendants)

36.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22, 24 through 29 and 31 through 35, inclusive, as if fully set forth herein.

37.     Defendants, and each of them, have caused to be published matters derogatory to Plaintiff's title to DYNO IMPACT products, and to Plaintiff's business in general.

38.     On information and belief, said publication has played a material and substantial part inducing others not to deal with Plaintiff.

39.     As a result, Plaintiff has suffered damages in an amount to be proven at time.

40.     Defendants' conduct, as set forth herein, was willful, intention and designed to cause injury to Plaintiff.  Plaintiffs are therefore entitled to exemplary damages against Defendants.

### Count IV

Tortious Interference with Contract

(Against all Defendants)

41.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22, 24 through 29, 31 through 35 and 37 through 40, inclusive, as if fully set forth herein.

42.     Defendants DYNO EXCHANGE, TAO and NAM conspired with their attorney Lo Law Firm and lawyer Lo to draft a letter for the express purpose of distributing it to Plaintiff's customers.

///

///

COMPLAINT

43.     The Lo Law Firm and lawyer Lo drafted such a letter and provided it to Defendants DYNO EXCHANGE, TAO and NAM who then distributed to customers of Plaintiff.  That letter contained numerous representations that were known to Defendants to be false.

44.     Defendants' intent in doing so was to induce Plaintiff's customers to refrain from dealing with Plaintiff.

45.     Plaintiff has been harmed by the conduct complained of herein in an amount to be proven at trial.

46.     Defendants' conduct, as set forth herein, was willful, intention and designed to cause injury to Plaintiff.  Plaintiffs are therefore entitled to exemplary damages against Defendants.

## Count V

Tortious Interference with Contract

(Against DYNO EXCHANGE, TAO, NAM and DOE Defendants)

47.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22, 24 through 29, 31 through 35, 37 through 40, and 42 through 46, inclusive, as if fully set forth herein.

48.     Plaintiff has and had valid contracts to provide DYNO IMPACT products to its customers.

49.     Defendants had knowledge of these contracts.

50.     Defendants' acts, as described herein, were and are designed to induce a breach of those contracts.

51.     As a result of Defendants' acts, those contracts were, in fact, breached to Plaintiff's detriment.

52.     Plaintiff has incurred harm as a result in an amount to be determined at trial.

///

///

11

COMPLAINT

53.     Defendants' conduct, as set forth herein, was willful, intention and designed to cause injury to Plaintiff.  Plaintiffs are therefore entitled to exemplary damages against Defendants.

### Count VI

Conspiracy to Commit Tortious Interference with Contract

(Against all Defendants)

54.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22, 24 through 29, 31 through 35, 37 through 40, 42 through 46, and 48 through 53, inclusive, as if fully set forth herein.

55.     As described herein, Defendants DYNO EXCHANGE, TAO and NAM conspired with their, attorney Lo Law Firm and lawyer Lo, to draft a letter for the express purpose of distributing it to Plaintiff's customers with whom Plaintiff had contracts.

56.     Defendants' intent in this regard was to induce Plaintiffs' customers to breach their contracts with Plaintiff.  Plaintiffs' customers did, in fact, breach said contracts resulting in harm to Plaintiff.

57.     Plaintiff has been harmed by the conduct complained of herein in an amount to be proven at trial.

58.     Defendants' conduct, as set forth herein, was willful, intention and designed to cause injury to Plaintiff.  Plaintiffs are therefore entitled to exemplary damages against Defendants.

### Count VII

Tortious Interference with Prospective Economic Advantage

(Against DYNO EXCHANGE, TAO, NAM and DOE Defendants)

59.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22, 24 through 29, 31 through 35, 37 through 40, 42 through 46, 48 through 53, and 55 through 61, inclusive, as if fully set forth herein.

///

COMPLAINT

60.     Plaintiff's relationships with its existing and potential customers were likely to continue and expand, resulting in increased sales of DYNO IMPACT brand products and producing economic benefit to Plaintiff.

61.     At all times relevant to this action, Defendants knew of these relationships but, nonetheless, engaged in conduct, as described herein, intended and designed to disrupt said relationships.

62.     As a result of Defendants' conduct, those relationships were actually disrupted, and Plaintiff has suffered harm as a result in an amount to be determined at trial.

63.     Defendants' conduct, as set forth herein, was willful, intention and designed to cause injury to Plaintiff.  Plaintiffs are therefore entitled to exemplary damages against Defendants.

## Count VIII

### Conspiracy to Commit Tortious Interference with Prospective Economic Advantage

### (Against all Defendants)

64.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22, 24 through 29, 31 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 61, and 63 through inclusive, as if fully set forth herein.

65.     As described herein, Defendants DYNO EXCHANGE, TAO and NAM conspired with Lo Law Firm and lawyer Lo to draft a letter for the express purpose of distributing it to Plaintiff's customers and potential customers with whom Plaintiff had relationships.

66.     Defendants' intent in this regard was to disrupt these relationships. Defendants did, in fact, disrupt Plaintiffs' with its customers and potential customers.

67.     Plaintiff has been harmed by the conduct complained of herein in an amount to be proven at trial.

///

///

COMPLAINT

68.     Defendants' conduct, as set forth herein, was willful, intention and designed to cause injury to Plaintiff.  Plaintiffs are therefore entitled to exemplary damages against Defendants.

## Count IX

Unfair Business Practices – Cal. Bus. & Prof. Code § 17200 *et seq.*

(Against all Defendants)

69.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26, 28 through 32, 34 through 38, 40 through 43, 45 through 56, 58 through 66, and 68 through 71, inclusive, as if fully set forth herein.

70.     Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off products identified with infringing trademarks as approved or authorized by, or originating with, Plaintiffs, by tortuously interfering with Plaintiff's contracts, and by tortuously interfering with Plaintiff's prospective economic advantage.

71.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Plaintiff.

72.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

73.     Defendants hold the money and profits that they have illegally received as constructive trustees for the benefit of Plaintiff.

## Count X

Constructive Trust upon Illegal Profits

(Against all Defendants)

74.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26, 28 through 32, 34 through 38, 40 through 43, 45 through 56, 58 through 66, 68 through 71, and 73 through 75 inclusive, as if fully set forth herein.

///

COMPLAINT

75.     Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off products identified with infringing trademarks as approved or authorized by, or originating with, Plaintiffs, by tortuously interfering with Plaintiff's contracts, and by tortuously interfering with Plaintiff's prospective economic advantage.

76.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Plaintiff.

77.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

78.     Defendants hold the money and profits that they have illegally received as constructive trustees for the benefit of Plaintiff.

## Count XI

### Accounting

### (Against all Defendants)

79.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26, 28 through 32, 34 through 38, 40 through 43, 45 through 56, 58 through 66, 68 through 71, 73 through 75, and 77 through 80, inclusive, as if fully set forth herein.

80.     Plaintiff is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement or other violations thereof.

81.     The amount of money due from Defendants to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing products offered for distribution and/or distributed by Defendants.

///

///

///

COMPLAINT

## JURY TRIAL DEMANDED

Wherefore, Plaintiff prays relief as follows:

A. Defendants, and each of them, their officers, directors, agents, servants, employees and all persons in active concert and participation with them, shall be enjoined by preliminary and permanent injunction and restrained from, in any manner, directly or indirectly, using, promoting, advertising, displaying, offering to sell, selling, or otherwise marketing in the United States products identified with a mark containing the word DYNO IMPACT, DYNO, or any colorable imitation thereof;

B. Defendants, and each of them, shall be jointly and severally liable to Plaintiff for all profits Defendants, and each of them, have derived from sales in the United States of unauthorized, non-genuine, or otherwise infringing products identified with the word DYNO IMPACT, DYNO, or any colorable imitation thereof;

C. This case shall be deemed an exceptional case and all damages awarded hereunder shall be trebled in accordance with the provisions of 15 U.S.C. § 1117;

D. All infringing products within Defendants' possession, custody or control identified as by a name containing the word DYNO IMPACT, DYNO or any other colorable imitation shall be delivered up for impoundment and destruction as the Court directs, pursuant to 15 U.S.C. § 1116;

E. Defendants, and each of them, shall file a report with the Court under oath in accordance with 15 U.S.C. § 1116 setting forth the manner and form of their compliance with this Court's injunction;

F. Defendants, and each of them, shall be jointly liable for Plaintiff's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

G. For damages pursuant to the supplemental claims;

H. For exemplary damages pursuant to the supplemental claims;

I. For an award to Plaintiff of its court costs; and

1        J.     For such other and further relief as available by law and as the Court

2  shall deem just, fair and proper.

Dated:     May 20, 2016     Respectfully submitted,

Paul N. Tauger
**WHGC, P.L.C.**
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
Tel:  (949) 833-8483
Fax:  (949) 833-2281
Email: PaulTauger@WHGCLaw.com
*Counsel for Plaintiff*

COMPLAINT